The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on December 9, 2025, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: December 9, 2025**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| Charles A. Pasco | Case No. 20-41305 (TNAP) |
| Debtor. | Judge Tiiara N.A. Patton |

### ORDER OVERRULING OBJECTION TO INTENT TO ENTER ORDER OF DISCHARGE FILED BY LAURIE A. PASCO

This matter came before the Court on the *Objection to Notice of Intent to Enter Order of Discharge* filed by Laurie A. Pasco on November 13, 2025 (ECF Docket No. 44) (the "Objection"). Ms. Pasco contends in the Objection that she holds a $52,500 non-dischargeable debt against Debtor, Charles A. Pasco, by virtue of a prepetition Agreed Magistrate's Order entered in their divorce proceedings pending in the Ashtabula County Court of Common Pleas. The Debtor filed a response to the Objection, asserting that the obligation created under the Magistrate's Order is not a domestic support obligation under 11 U.S.C. §523(a)(5) and is therefore dischargeable under 11 U.S.C. §1328(a)(2). The Court conducted a hearing on the Objection on December 3,

2025 and heard arguments of the parties. At the hearing, counsel for the parties consented to having the Court rule on the Objection based upon the written filings and without further hearing. The Court, having considered the Objection and response and all exhibits attached thereto, and the arguments presented, finds as follows:

  A. The claim of Ms. Pasco is not a domestic support obligation under 11 U.S.C. §523(a)(5). *See* Objection, Exh. A, ¶¶ 10(A) and (D). To the extent that the claim is a property settlement in the course of the parties' divorce proceedings under 11 U.S.C. §523(a)(15), the claim is not excepted from a debtor's chapter 13 discharge. 11 U.S.C. §1328(a); *Mele v. Mele (In re Mele)*, 501 B.R. 357, 368 (B.A.P. 9th Cir. 2013); *see also*, *Pennsylvania Dep't of Pub. Welfare v. Davenport,* 495 U.S. 552, 562–63 (1990) (the dischargeability of debts in chapter 13 that are not dischargeable in chapter 7 represents a policy choice of Congress).

  B. There is no language in the Magistrate's Order evidencing the creation of a constructive trust over the funds at issue in the Objection and, accordingly, this Court cannot impose one. *See McCafferty v. McCafferty (In re McCafferty)*, 96 F.3d 192 (6th Cir. 1996).

  **IT IS HEREBY ORDERED THAT:**

  1. The *Objection to Notice of Intent to Enter Order of Discharge* (ECF Docket No. 44) is **OVERRULED**.

  2. Upon the Debtor's completion of all payments under the Confirmed Chapter 13 plan and entry of a discharge pursuant to 11 U.S.C. §1328(a), the Debtor's personal liability to Ms. Pasco under the Magistrate's Order shall be discharged.

  3. To the extent that Ms. Pasco is determined to hold an equitable lien or similar *in rem* interest against Debtor's real property located at 5189 Dibble Rd., Kingsville, Ohio

(to which this Court makes no finding), such equitable lien or *in rem* interest is not avoided in this proceeding and shall survive the Debtor's discharge.

        4.        The Court shall issue a separate Order and Notice of Discharge.

# # #